UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS HEBRARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-7080** |
| **LA. STATE DEPT. OF CORRECTIONS, ET AL.** | **SECTION: "G"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Nicholas Hebrard, a state prisoner, filed the instant *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. In this lawsuit, he originally challenged his housing assignment at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. On January 5, 2016, United States Magistrate Judge Sally Shushan recommended that his claim be dismissed as malicious.[1] The United States District Judge adopted that recommendation and dismissed that claim without prejudice to its prosecution in Hebrard v. Louisiana Department of Corrections, Civ. Action No. 15-5796 (E.D. La.); however, the District Judge also granted him permission to amend his complaint in this action to assert entirely different and unrelated claims concerning the denial of access to religious materials concerning his Islamic faith.[2]

Thereafter, defendants James LeBlanc, W.S. "Sandy" McCain, Keith Bickham, Mike Todd, Augustine Braithwaite, and Lisa Ard filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[3] Plaintiff opposed that motion.[4]

---

[1] Rec. Doc. 4.
[2] Rec. Docs. 9 and 10.
[3] Rec. Doc. 21.
[4] Rec. Docs. 23, 26, and 29.

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56); accord Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In their motion, the defendants argue that plaintiff's claims must be dismissed because he failed to exhaust his administrative remedies prior to filing suit. For the following reasons, it is clear that the defendants are correct.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Federal courts have taken a strict approach to the exhaustion requirement. For example, the United States Supreme Court held that the exhaustion requirement is "mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," id. at 532. The Supreme Court further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals therefore concluded that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The Fifth Circuit has emphatically held that the mandatory exhaustion requirement cannot be excused by a federal court. The Fifth Circuit stated:

> [T]here can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. We thus hold that Underwood [v. Wilson, 151 F.3d 292 (5th Cir. 1998),] has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion. *District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing*

3

> *their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.*

Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added; footnote omitted). Although the mandatory nature of the exhaustion requirement may seem harsh, it is necessary to accomplish the PLRA's goals. As the United States Supreme Court has explained:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Nussle, 534 U.S. at 524-25 (citations omitted).

In support of their motion, defendants provided the affidavit of Cynthia Crain, an Administrative Remedy Procedure ("ARP") Screening Officer at the Rayburn Correctional Center.[5] Crain stated that she had personally reviewed the prison's records of plaintiff's administrative grievances and found that he submitted only one grievance concerning religious publications, i.e. ARP No. RCC-2015-696. The Court has further reviewed the copies of the records pertaining to that grievance. Those records show that, on **October 12, 2015**, plaintiff filed a grievance concerning the denial of access to religious materials.[6] Because he already had other grievances pending in the system, he was informed that his new grievance was being "backlogged"

---

[5] The copy of the affidavit attached to the original motion did not contain an original signature, was not notarized, and did not qualify as a declaration under 28 U.S.C. § 1746(2). However, a notarized affidavit was subsequently substituted. Rec. Doc. 33-1.
[6] Rec. Doc. 21-4, pp. 10-14.

pursuant to prison policy.[7]  He was further informed that his grievances would be handled in order and that the new grievance would be handled immediately only if his prior grievances were withdrawn.[8]  The new grievance was ultimately considered, found to be meritless, and denied on **April 11, 2016**.[9]

Based on the evidence presented, the Court finds that no genuine issue of material fact remains in dispute concerning plaintiff's failure to exhaust his administrative remedies with respect to his claims prior to filing the instant lawsuit.  There is no evidence that he filed any grievance concerning the denial of access to religious materials other than No. RCC-2015-696.  Further, it is clear from the records submitted by the defendants that administrative grievance No. RCC-2015-696 was still pending before prison officials at the time plaintiff filed his amended complaint on or about **January 26, 2016**.[10]  Because plaintiff did not *completely exhaust* his administrative remedies *prior* to filing this federal civil action, defendants are entitled to judgment as a matter of law, and plaintiff's claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.[11]

---

[7] Out of an abundance of caution, the Court notes that the United States Fifth Circuit Court of Appeals has found such backlogging permissible.  Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015); Wilson v. Boise, No. 00-30803, 2001 WL 422621, at *4 (5th Cir. Mar. 30, 2001).

[8] Rec. Doc. 21-4, p. 16.

[9] Rec. Doc. 21-4, p. 3.  The undersigned notes that the parties dispute whether plaintiff then appealed the denial of his grievance to the second step of the grievance procedure.  However, that dispute is immaterial for the purposes of the instant decision.  This Report and Recommendation is based on the fact that petitioner's grievance was still pending at the first step of the grievance procedure when this lawsuit was filed.  Whether or not he subsequently proceeded to the second step is of no consequence.  As already explained, dismissal is appropriate even if a prisoner in fact completed the grievance procedure *after* his lawsuit was filed.  Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012).

[10] A prisoner's pleadings are considered "filed" when they are given to the prison authorities for mailing to the Clerk of Court.  Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995).  That date is not clear from the record, but the amended complaint was signed on January 26, 2016, and it was received by the Court two days later.

[11] If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  See Wiley v. Mangrum, 146 Fed. App'x 757 (5th Cir. 2005); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Walcott v. Crabtree, Civ. Action No. 13-71, 2013 WL 5236643, at *4 & n.17 (E.D. La. Sept. 13, 2013); Fitch v. Louisiana Department of Public Safety &

The two remaining defendants, the Louisiana Department of Corrections and "FNU Travis," have never been served[12] and so they obviously did not join in the foregoing motion. However, the Court notified plaintiff that if it was determined that the motion should be granted because he failed to exhaust his administrative remedies prior to filing this lawsuit, then the claims against the two remaining would likewise fail on that same basis. Accordingly, the Court advised plaintiff that it was considering recommending that summary judgment also be granted *sua sponte* in favor of those defendants on that basis and gave him an opportunity to file a memorandum in opposition to that action.[13] Although plaintiff thereafter filed an additional opposition,[14] it is apparent that, for the reasons already explained, plaintiff filed this lawsuit prematurely without first exhausting his administrative remedies. Accordingly, it is recommended that the claims against the Louisiana Department of Corrections and "FNU Travis" likewise be dismissed on that basis.[15]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the defendants' motion, Rec. Doc. 21, be **GRANTED** and that plaintiff's claims against James LeBlanc, W.S. "Sandy" McCain, Keith Bickham, Mike Todd, Augustine Braithwaite, and Lisa Ard be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

---

Corrections, Civ. Action No. 08-cv-1126, 2009 WL 1076749, at *3 (W.D. La. Apr. 20, 2009). Plaintiff filed this lawsuit *in forma pauperis*. See Rec. Docs. 2 and 3.

[12] See Rec. Docs. 14 and 15.

[13] Rec. Doc. 30. "Federal District Courts are empowered to enter summary judgment *sua sponte* so long as the losing party has ten days notice to come forward with all of its evidence in opposition to the motion." Harken Exploration Co. v. Sphere Drake Insurance PLC, 261 F.3d 466, 477 (5th Cir. 2001) (internal quotation marks and citations omitted).

[14] Rec. Doc. 34.

[15] The undersigned additionally notes that the claim against the Department of Corrections also fails for another reason – it is barred by the Eleventh Amendment because the department is a state agency. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999).

It is **FURTHER RECOMMENDED** that plaintiff's claims against the Louisiana Department of Corrections and "FNU Travis" also be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventeenth day of November, 2016.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**