# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS HEBRARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-7080** |
| **LA. STATE DEPT. OF CORRECTIONS, ET AL.** | **SECTION: "G"(1)** |

## ORDER

Before the Court are Plaintiff Nicholas Hebrard ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] After reviewing the amended complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Report and Recommendation, and dismiss Plaintiff's claims without prejudice but with prejudice for the purpose of proceeding *in forma pauperis*.

## I.   Background

### A.   *Procedural Background*

Plaintiff, a state prisoner housed in the B.B. "Sixty" Rayburn Correctional Center, filed a complaint pursuant to 42 U.S.C. § 1983 against Louisiana State Department of Corrections and Warden Sandy McCain, alleging that he was improperly housed in Administrative Lockdown, Level 1 since August 14, 2014.[2] On January 5, 2016, the Magistrate recommended that this claim be dismissed as malicious because Plaintiff had previously raised this claim in an earlier lawsuit

---

[1] Rec. Doc. 40.

[2] Rec. Doc. 1.

before this Court.[3] The Court adopted the Magistrate's recommendation and dismissed that claim without prejudice to its prosecution in *Nicholas Hebrard v. La. Dept. of Corrections, et al.*, No. 15-5796 (E.D. La).[4] However, the Court also granted Plaintiff leave to amend him complaint to assert an unrelated claim against the Louisiana Department of Corrections, Warden Sandy McCain, Deputy Warden Keith Bickham, Mike Todd, Augustine Braithwaite, Lisa Ard, "FNU Travis" and James Leblanc, regarding the denial of access to religious materials concerning his Islamic faith.[5]

On June 2, 2016, Defendants James Leblanc, Sandy McCain, Keith Bickham, Mike Todd, Augustine Braithwaite and Lisa Ard (collectively, "moving Defendants") filed a motion for summary judgment.[6] Plaintiff opposed the motion.[7] On November 17, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that the Court grant the motion for summary judgment, and dismiss Plaintiff's claims against the moving Defendants without prejudice but with prejudice for the purpose of proceeding *in forma pauperis*.[8] The Magistrate also recommended that the Court dismiss Plaintiff's claims against the Louisiana Department of Corrections and "FNU Travis" without prejudice but with prejudice for the purpose of proceeding *in forma*

---

[3] Rec. Doc. 4.

[4] Rec. Doc. 9.

[5] *Id.*

[6] Rec. Doc. 21.

[7] Rec. Docs. 23, 26 and 29.

[8] Rec. Doc. 37 at 6.

*pauperis*.[9] On December 15, 2016, Plaintiff filed objections to the Report and Recommendation.[10]

**B.      *Report and Recommendation Findings***

On November 17, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that the Court grant the motion for summary judgment, and dismiss Plaintiff's claims against the moving Defendants without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis*.[11] The Magistrate cited the Prison Litigation Reform Act of 1995, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[12] The Magistrate noted that the Supreme Court has held that the exhaustion requirement is "mandatory" and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[13]

In support of their motion for summary judgment, the moving Defendants produced an affidavit of Cynthia Crain ("Crain"), an Administrative Remedy Procedure Screening Officer at the Rayburn Correctional Center.[14] The affidavit stated that Crain had personally reviewed the prison's records of Plaintiff's administrative grievances and found that he submitted only one

---

[9] *Id.* at 7.

[10] Rec. Doc. 40.

[11] Rec. Doc. 37 at 6.

[12] *Id.* at 3 (citing 42 U.S.C. § 1997e(a)).

[13] *Id.* (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

[14] *Id.* at 4.

grievance concerning religious publications, ARP No. RCC-2015-696.[15] The Magistrate reviewed the copies of the records pertaining to that grievance, which showed that Plaintiff filed the grievance on October 12, 2015.[16] However, because Plaintiff already had other grievances pending in the system, he was informed that his new grievance was being "backlogged" pursuant to prison policy.[17] The grievance was ultimately considered and denied on April 11, 2016.[18] Because Plaintiff filed his amended complaint on January 26, 2016, while his administrative grievance was still pending, the Magistrate determined that Plaintiff did not completely exhaust his administrative remedies prior to filing his federal civil action, and so the moving Defendants were entitled to judgment as a matter of law.[19] Therefore, the Magistrate recommends that the claims against the moving Defendants be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis*.[20]

The Magistrate noted that the two remaining defendants, the Louisiana Department of Corrections and "FNU Travis" were never served.[21] However, the Magistrate noted that she had notified Plaintiff that if it was determined that the motion for summary judgment should be granted, his claims against the remaining defendants would fail on this same basis.[22] Accordingly, the

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 5.

[19] *Id.*

[20] *Id.* (citing *Wiley v. Mangrum*, 146 F. App'x 757 (5th Cir. 2005); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).

[21] *Id.* at 6.

[22] *Id.* (citing Rec. Doc. 30).

Magistrate also recommended that the Court *sua sponte* dismiss Plaintiff's claims against the Louisiana Department of Corrections and "FNU Travis" without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis*.[23]

## C.   *Plaintiff's Objections*

Plaintiff objects to the Magistrate's recommendation.[24] Plaintiff avers that he has pointed to specific evidence in the record showing that on or about April 8 or 9, 2016, he placed his administrative grievance in the mailbox.[25] He contends that Defendants failed to grant him discovery that he requested, specifically the facility surveillance camera footage that he asserts would support his claim.[26]

## II.   Standard of Review

### A.   *Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend his/her disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[27] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[28] The district judge must "determine *de*

---

[23] *Id.* at 7.

[24] Rec. Doc. 40.

[25] *Id.* at 2.

[26] *Id.* at 3.

[27] 28 U.S.C. § 636(b)(1)(B).

[28] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

*novo* any part of the [Report and Recommendation] that has been properly objected to."[29] However, a district court's review is limited to plain error of parts of the report that are not properly objected to.[30]

### B.    Legal Standard for Summary Judgment

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[31] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[32] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[33] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[34] The nonmoving party may not rest upon the pleadings, but must identify specific facts in

---

[29] Fed. R. Civ. P. 72(b)(3).

[30] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[31] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[32] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[33] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[34] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[35]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[36] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[37] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[38] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[39] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[40]

---

[35] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[36] *Celotex*, 477 U.S. at 323.

[37] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

[38] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

[39] *Little*, 37 F.3d at 1075.

[40] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(c)(2).

### III.   Law and Analysis

Plaintiff objects to the Magistrate's finding that his claim concerning denial of access to religious materials should be dismissed because he did not fully exhaust his administrative remedies.[41] The Magistrate found that Plaintiff had filed an administrative grievance on October 12, 2015, which was denied on April 11, 2016.[42] Because Plaintiff filed his amended complaint on January 26, 2016, while his administrative grievance was still pending, the Magistrate determined that Plaintiff did not completely exhaust his administrative remedies prior to filing his federal civil action, and so the moving Defendants were entitled to judgment as a matter of law.[43] In response, Plaintiff avers that he has pointed to specific evidence in the record showing that on or about April 8 or 9, 2016, he placed his administrative grievance in the mailbox.[44]

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[45] In *Porter v. Nussle*, the Supreme Court held that the exhaustion requirement is "mandatory," and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[46]

---

[41] Rec. Doc. 40.

[42] Rec. Doc. 37 at 4–5.

[43] *Id.* at 5.

[44] Rec. Doc. 40 at 2.

[45] 42 U.S.C. § 1997e(a).

[46] 534 U.S. 516, 532 (2002).

The Fifth Circuit has held that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."[47] The Fifth Circuit has recognized that "[b]y choosing to file and purse his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled" justifying a dismissal with prejudice for the purpose of proceeding *in forma pauperis*.[48] However, "a prisoner who has had his claim dismissed for failure to exhaust should be able to pay in advance to refile his claim after exhaustion."[49] Accordingly, if an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.[50]

Plaintiff filed an administrative grievance on October 12, 2015, which was denied on April 11, 2016. Because Plaintiff filed his amended complaint on January 26, 2016, while his administrative grievance was still pending, Plaintiff did not completely exhaust his administrative remedies prior to filing his federal civil action, and so the moving Defendants were entitled to judgment as a matter of law. Even taking Plaintiff's assertion that on or about April 8 or 9, 2016, he placed his administrative grievance in the mailbox as true, he would not have exhausted his

---

[47] *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

[48] *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir.1998), *overruled on other grounds as recognized in Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

[49] *Morris v. Powell*, 244 F.3d 133 (2000) (citing *Underwood*, 151 F.3d 292).

[50] *Wiley v. Mangrum*, 146 F. App'x 757 (5th Cir. 2005) (citing *Underwood*, 151 F.3d at 296).

administrative remedies before filing his amended complaint. Accordingly, on de novo review, the Court adopts the Magistrate's recommendation that the moving Defendants' motion for summary judgment be granted and Plaintiff's claim that he was denied access to legal materials be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Magistrate correctly noted that the two remaining defendants, the Louisiana Department of Corrections and "FNU Travis" were never served. On September 9, 2016, the Magistrate notified Plaintiff that if it was determined that the motion for summary judgment should be granted, his claims against the remaining defendants would fail on this same basis and that she was considering also granting summary judgment *sua sponte* in favor of the Louisiana Department of Corrections and "FNU Travis."[51] "Federal District Courts are empowered to enter summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence in opposition to the motion."[52] Plaintiff's claims against the Louisiana Department of Corrections and "FNU Travis" also fail because Plaintiff failed to completely exhaust his administrative remedies before filing suit. The Magistrate gave Plaintiff an opportunity to come forward with evidence in opposition, and he failed to do so. Accordingly, on de novo review, the Court adopts the Magistrate's recommendation that Plaintiff's claims against the Louisiana Department of Corrections and "FNU Travis" be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

---

[51] Rec. Doc. 30.

[52] *Harken Exploration Co. v. Sphere Drake Insurance PLC*, 261 F.3d 466, 477 (5th Cir. 2001) (internal citation and quotation marks omitted).

## IV.  Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that the moving Defendants' motion for summary judgment (Rec. Doc. 21) is **GRANTED** and that Plaintiff's claims against James LeBlanc, W.S. "Sandy" McCain, Keith Bickham, Mike Todd, Augustine Braithwaite, and Lisa Ard are dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Louisiana Department of Corrections and "FNU Travis" also are dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**NEW ORLEANS, LOUISIANA,** this  19th  day of January, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

11